E-FILED
Tuesday, 02 August, 2011  10:06:30 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| LARRY M. HOLMES | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 11-CV-3256 |
| | ) | |
| NEIL WILLIAMSON AND JIM MINOR, | ) ) | |
| | ) | |
| Defendants, | ) ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff Larry Holmes, proceeding *pro se* and currently detained in the Sangamon County Jail ("Jail"), has filed this case challenging the amounts charged at the Jail's commissary.[1]  The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

---

[1] Plaintiff recently filed another case in this district involving different allegations, which is currently in the process of service. Holmes v. Williamson, 11-3230 (C.D. Ill. 2011).

1

## FACTS

Plaintiff alleges that the Jail overcharges for commissary items. The commissary is allegedly managed by Keefe Commissary Network, but Jail administrators allegedly mark the prices higher than the amount Keefe Commissary Network is supposed to charge. Plaintiff also alleges that the Jail charges for "indigent kits", which he alleges are supposed to be free and which include essential hygiene necessities such as toothbrushes. Plaintiff contends that these practices swindle him out of money that his family has deposited in his prison account.

## LEGAL STANDARD

The Court is required by § 1915A to review a Complaint filed by a prisoner against a governmental entity or officer and, through such process, to identify cognizable claims, dismissing any claim that is "frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ." A hearing is held if necessary to assist the Court in this review, but, in this case, the Court concludes that no hearing is necessary. The Complaint and its attachments are clear enough on their own for

2

this Court to perform its merit review of Plaintiff's Complaint.

The review standard under § 1915A is the same as the notice pleading standard under Federal Rule of Civil Procedure 12(b)(6). Zimmerman v. Tribble, 226 F.3d 568, 571 (7th Cir. 2000). To state a claim, the allegations must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Factual allegations must give enough detail to give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007), *quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)(add'l citation omitted). The factual "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level,'" Id., *quoting* Bell Atlantic, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009), *citing* Bell Atlantic, 550 U.S. at 555-56.  However, *pro se* pleadings are liberally construed when applying this standard.  Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009).

## ANALYSIS

The Court assumes that Plaintiff is a pretrial detainee, not a convicted prisoner, which means that his claim is governed by the Fourteenth Amendment, not the Eighth Amendment, though the analysis as a practical matter is similar.  In the context of a conditions-of-confinement claim, a detainee is entitled to be free from conditions that amount to "punishment," while a convicted prisoner is entitled to be free from "cruel and unusual punishment."  Board v. Farnham, 394 F.3d 469, 477 (7th Cir. 2005).  However, in both cases the alleged condition must be objectively serious enough to amount to a constitutional deprivation, and the defendant must be deliberately indifferent to those conditions.  Sain v. Wood, 512 F.3d 886, 893 (7th Cir. 2008); Tesch v. County of Green Lake, 157 F.3d 465, 476 (7th Cir. 1998).

No plausible inference arises that the alleged high commissary prices create conditions of confinement that are sufficiently serious to amount to a constitutional deprivation. Plaintiff does not allege that he is unable to obtain any necessary hygiene items or has gone without any basic necessities. He alleges only that he has been required to pay for those necessities and that he has to pay an unfairly high price for other items. These alone are not serious enough deprivations to garner the Constitution's attention.

Nor can the Court discern a constitutional violation from the alleged overcharging. The Court knows of no constitutional right to be able to purchase commissary items at a certain price. If the Jail is violating some sort of contractual or state law pricing obligation, that would be a state law claim, not a federal claim. A violation of state law is not, by itself, a violation of federal law. Osteen v. Henley, 13 F.3d 221, 225 (7th Cir.1993) ("a violation of state law ... is not a denial of due process, even if the state law confers a procedural right"). Likewise, a breach of contract action, even imagining one might exist which Plaintiff

5

has standing to enforce, would be a state law claim belonging in state court.

Accordingly, this case will be dismissed for failure to state a claim, which means that Plaintiff will accumulate one "strike" under 28 U.S.C. § 1915(g). Under that section, a prisoner is barred from bringing a civil action *in forma pauperis* if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Once a prisoner obtains three "strikes" he can no longer file a civil action in federal court without first paying the $350 filing fee. Plaintiff should consider this carefully before filing lawsuits, in order to avoid additional strikes. Additionally, the filing fee in this case must be collected in installments from Plaintiff's trust fund account even though the case is being dismissed. 28 U.S.C. § 1915(b)(1)-(2).

IT IS THEREFORE ORDERED:

1. Plaintiff's complaint is dismissed with prejudice for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. This case is closed.

2. This dismissal shall count as one of Plaintiff's three "strikes" pursuant to 28 U.S.C. § 1915(g). The Clerk of the Court is directed to record Plaintiff's strike in the three-strike log.

3. Plaintiff's *in forma pauperis* petition is granted (d/e 3) for the purpose of collecting the filing fee in installments. The agency having custody of Plaintiff is directed to make monthly payments of twenty percent of the preceding month's income credited to Plaintiff's account to the Clerk of Court. These payments shall be forwarded each time Plaintiff's account exceeds $10, until the filing fee of $350 is paid in full. The Clerk is directed to mail a copy of this order to the Jail, to the attention of the trust fund office.

4. If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment.

Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee regardless of the outcome of the appeal. Plaintiff may also be assessed another "strike" by the Court of Appeals if his appeal is dismissed for one of the reasons stated in § 1915(g).

ENTERED: August 1, 2011

FOR THE COURT:

                                           s/Sue E. Myerscough
                                       SUE E. MYERSCOUGH
                            UNITED STATES DISTRICT JUDGE